509 A.2d 875

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Nathaniel CHESSON, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 18, 1985.

Filed May 20, 1986.

Suzan E. Willcox, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Joseph A. Canuso, Philadelphia, for appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

CAVANAUGH, Judge:

The Commonwealth appeals from the judgment of sentence entered against Nathaniel Chesson in the Court of Common Pleas of Philadelphia County on September 6, 1984. Mr. Chesson was convicted of terroristic threats and aggravated assault and was sentenced to a term of five years probation. The Commonwealth argues, *inter alia*, that in imposing sentence, the sentencing court deviated from the sentencing guidelines but failed to set forth on the record its reasons for deviating. We agree and remand for resentencing.

Appellee, Mr. Chesson, was involved in an altercation with Euripides Klassis wherein appellee assaulted Klassis with a lead pipe. Mr. Klassis sustained a multiple fracture to the left elbow and a broken right arm as a result of the assault.

The lower court opinion states that according to the sentencing guidelines, appellee had an offense gravity score of seven and a prior record score of two. For such a score, the guidelines recommend the following minimum sentence:

| | |
|---|---|
| Minimum range | 17–34 months |
| Aggravated minimum range | 34–42 |
| Mitigated minimum range | 12–17 months |

Thus, in imposing a sentence of probation, the court deviated from the guidelines.

The sentencing code states that "[t]he court shall ... consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing...." 42 Pa.C.S. § 9721(b). If the court sentences within the guidelines' suggested ranges, there is no need for the sentencing court to otherwise manifest on the record that it considered the guidelines. In such a case, consideration of the guidelines is presumed to be evidenced by the actual sentence imposed. Where, however, the court *deviates* from the guidelines, the actual sentence imposed does not evidence that the court considered the guidelines. In such a case, "the court shall provide a contemporaneous written statement of the reason

or reasons for deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant." 42 Pa.C.S. § 9721(b). *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984) liberalized this rule and allowed the sentencing court to orally state its reasons for deviation on the record. The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first apparant that the court was aware of, and considered, the guidelines. The chief concern expressed in *Royer* was that the sentencing court be at least familiar with the suggested guidelines ranges.

"The sentencing guidelines are complex, including as they do references to 'prior record score', 'offense gravity score', 'statutory classification', 'minimum range', 'aggravated minimum range', and 'mitigated minimum range.' 42 Pa.C.S. § 9721. *At the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines.*"

*Commonwealth v. Royer*, 328 Pa.Super. 60, 70, 476 A.2d 453, 458 (1984) (emphasis added).

In the instant case, the sentencing court failed to indicate that it was even aware of the guidelines' ranges. We have reviewed the transcript of sentencing and find that nowhere did the court allude to the guidelines, nor indicate that it was aware of the guidelines' suggested ranges. In short, the court below failed to follow the clear mandate of the sentencing code when it imposed a sentence outside the guidelines without explanation, and without even evidencing that it considered the guidelines.

This is not to say that we necessarily disagree with the court's reasons for the sentence imposed. We make no judgment as to that question. We note that the lower court gave an exhaustive explanation for the sentence imposed and took into account the fact that appellee had completed

serving the first prison sentence of his young life just days before the sentencing proceeding and was satisfied that further incarceration now would serve no useful purpose. Our holding instantly is premised on the obligation of sentencing courts to consider the guidelines when it imposes sentence. The sentencing guidelines were formulated in order to weave rationality out of an all-too chaotic sentencing system wherein sentences sometimes varied widely from one county to the next, and even from one courtroom to the next in the same county. The guidelines merely set forth suggested minimum ranges and the court is not obligated to follow them. The sentencing code, however, *mandates* that sentencing courts consider the guidelines before sentencing. Manifestation of such consideration is statutorily required when the court deviates. And, of course, the reasons for the deviation must be "adequate". The general statement of reasons for all sentences required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) will not satisfy the requirement that the court state adequate reasons for the sentence imposed when it deviates from the guidelines.

The sentencing code clearly requires that we vacate the sentence and remand for resentencing in the instant case.

Sentence vacated; case remanded for resentencing.