572 A.2d 1283

**COMMONWEALTH of Pennsylvania**

v.

**Henry Arthur RICH, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 17, 1990.

Filed April 12, 1990.

Charles Rector, Lemoyne, for appellant.

Roseann B. Termini, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before ROWLEY, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant pleaded guilty to charges of theft by deception, criminal conspiracy, forgery, tampering with records or identification, theft by unlawful taking or disposition, and unlawful use of a computer. Appellant later was sentenced to concurrent five-to-ten-year terms of imprisonment for conspiracy and forgery, as well as lesser concurrent terms of incarceration for theft by deception, and unlawful use of a computer.[1] The five-to-ten-year sentences imposed for conspiracy and forgery were the maximum terms allowable by law, and the minimum sentence of five years was three and one-third times as long as the aggravated minimum sentence suggested in the sentencing guidelines. On this appeal from the judgment of sentence, appellant raises a number of claims concerning the discretionary aspects of

---

1. It was determined that the charges for tampering with records and theft by unlawful taking or disposition merged for sentencing purposes.

the sentence imposed. For the reasons set forth below, we affirm the judgment of sentence for theft by deception and unlawful use of a computer, we vacate the judgment of sentence for forgery and criminal conspiracy, and we remand the case for resentencing.

Appellant was employed as a computer operator for Control Data Corporation. The Pennsylvania State Lottery contracted with Control Data to monitor and operate the lottery. Through his position with Control Data, appellant had access to the lottery's computer mainframe. The charges in this case arise from appellant's actions in manipulating the lottery computer mainframe to produce what appeared to be a winning $15,000,000 ticket for the July 15, 1987 Pennsylvania "Super 7" Lottery. Before producing the fake ticket, appellant had solicited the aid of co-conspirator Mark S. Herbst. Herbst presented the fake ticket to lottery officials on April 28, 1988. Control Data initially verified the ticket as the winning ticket, and a $469,989.55 check, representing the first installment of the lottery award, was issued to Herbst. Before this check was cashed, however, lottery officials determined that the ticket was fake. When confronted by lottery officials on May 1, 1988, Herbst admitted his involvement, and agreed to cooperate in the investigation. The next day, Herbst was videotaped as he presented appellant with $5,000 cash, as the first installment of his share of the winnings. Appellant was arrested, waived his right to counsel, and gave a statement in which he acknowledged that he had produced the fake ticket, given it to Herbst, and that the two had planned to divide the proceeds.

On October 19, 1988, appellant entered a plea of guilty to one count each of theft by deception, criminal conspiracy, forgery, tampering with records or identification, theft by unlawful taking or disposition, and unlawful use of a computer. In exchange for this plea, the Commonwealth agreed to recommend that all sentences imposed be served concurrently. Sentencing was deferred to allow for the completion of a county pre-sentence investigation. On De-

cember 13, 1988, appellant appeared for sentencing. After hearing testimony from appellant himself and numerous character witnesses on appellant's behalf, as well as arguments from counsel, the court sentenced appellant to maximum concurrent five-to-ten-year terms of incarceration for conspiracy and forgery, and lesser concurrent terms of imprisonment for theft by deception (two-to-four-years), and unlawful use of a computer (one-to-two-years). Appellant filed a timely motion to modify sentence, which was denied, and this appeal followed.

Appellant's sole contention on appeal concerns discretionary aspects of sentencing.[2] Although appellant raises a number of arguments in this regard, we need consider only his claim concerning the court's deviation from the sentencing guidelines.[3] Specifically, appellant maintains that the statutory maximum sentences imposed for forgery and criminal conspiracy were an abuse of discretion because they exceeded the sentencing guidelines, and the court did not provide a contemporaneous statement of the reasons for that deviation.[4] After considering relevant statutory and case law, we must agree.

The Sentencing Code, 42 Pa.C.S.A. § 9701 et seq., provides in relevant part:

The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing.... In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the

2. We note that appellant's brief complies with Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987).

3. Appellant also argues that the sentence was an abuse of discretion because (2) the court failed to articulate sufficient reasons to explain the disparity between his sentence and the sentence imposed on his co-conspirator; and (3) the court considered "impermissible, irrelevant, and erroneous factors" in formulating the sentence.

4. We note that this claim presents a substantial question for our review. *See Commonwealth v. Sanchez,* 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc), *aff'd* 522 Pa. 153, 560 A.2d 148 (1989); *see also Commonwealth v. Burdge,* 386 Pa.Super. 194, 562 A.2d 864 (1989).

reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

*Id.* § 9721(b). A sentencing court, of course, is not required to *adopt* the recommendations in the guidelines; however, the legislature has mandated that, at the least, a court *consider* them. *See Commonwealth v. Chesson*, 353 Pa. Super. 255, 258, 509 A.2d 875, 877 (1986); *see also Commonwealth v. Sessoms*, 516 Pa. 365, 376–77, 532 A.2d 775, 780–81 (1987). Thus, in *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984), this Court considered the § 9721(b) mandate and held that:

Where the trial court deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. The Act states that failure to provide an appropriate contemporaneous written statement shall be grounds for vacating the sentence and resentencing the defendant.

*Id.*, 328 Pa.Superior Ct. at 70–71, 476 A.2d at 458. The rationale for requiring an articulation of reasons was further elucidated in *Commonwealth v. Chesson, supra:*

The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered, the guidelines.

353 Pa.Super. at 257, 509 A.2d at 876. The approach in *Royer* and *Chesson* later was approved and followed by an en banc panel of this Court in *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988), *aff'd* 522 Pa. 153, 560 A.2d 148 (1989).[5]

**5.** The § 9721(b) "contemporaneous written statement" requirement applicable when a sentence deviates from the guidelines is distinguish-

The offenses in this case occurred on April 28, 1988; thus, the new Sentencing Guidelines, which were adopted by the Commission on Sentencing on February 22, 1988 and which govern offenses committed on or after April 25, 1988, were applicable.[6] The Commonwealth does not dispute that the sentences imposed on appellant deviated substantially from these guidelines. Under the guidelines, the conspiracy and forgery charges at issue each are assigned an offense gravity score of five (5), and appellant had a prior record score of zero (0). *See* 204 Pa.Code § 303.8(d). These scores result in the following suggested minimum sentencing ranges:

Standard Range      0–12 months

Aggravated Range    12–18 months

Mitigated Range      non-confinement

The actual minimum sentences imposed (sixty months) therefore were three-and-one-third times as long as the maximum minimum sentence suggested in the aggravated range of the guidelines.[7]

At the sentencing hearing, the Commonwealth argued that aggravating factors existed which would justify the court in deviating from the guidelines and imposing a minimum sentence greater than eighteen months. *See* N.T. December 13, 1988 at 46–51. Despite the fact that the Commonwealth specifically made this argument, however,

able from the general requirement in both Superior Court case law and § 9721(b) that the record contain the reasons for any sentence imposed for a felony or misdemeanor. Thus, the rationale underlying our Supreme Court's decision in *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988), which disapproved the Superior Court case law concerning the contours of the court's statement of reasons for a sentence imposed, is inapplicable to this case.

6. The prior sentencing guidelines, of course, were declared unconstitutional in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987), because they had not been presented to the Governor as required by Article II, § 9 of the Pennsylvania Constitution. In this case, neither party has challenged the constitutionality of the new guidelines.

7. The two-to-four-year concurrent sentence that appellant received for theft by deception also exceeded the aggravated range suggested in guidelines; however, appellant makes no argument concerning the propriety of this sentence.

the court neither advised appellant of the applicable guideline ranges, nor stated its reasons for deviating from those guidelines. Accordingly, we must vacate the sentences imposed for forgery and criminal conspiracy, and remand for resentencing on those counts. *See* 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Sanchez, supra; Commonwealth v. Royer, supra.*[8] We should add, of course, that our conclusion regarding the sentences imposed for forgery and criminal conspiracy in no way affects the sentences imposed for theft by deception and unlawful use of a computer.

For the foregoing reasons, we affirm the judgment of sentence for theft by deception and unlawful use of a computer; we vacate the judgment of sentence for forgery and conspiracy; and we remand the case for resentencing on the latter counts.

Judgment of sentence for theft by deception and unlawful use of a computer affirmed; judgment of sentence on remaining counts vacated and case remanded for resentencing. Jurisdiction is relinquished.

ROWLEY, J., files a concurring statement.

ROWLEY, Judge, concurring:

I join in all of the majority's opinion and disposition with the exception of footnote 8. Because the judgment of sentence is being vacated and the case is being remanded for resentencing under *Sanchez* and *Royer*, I find it unnecessary at this time to review any of the reasons provided by the trial court for the sentence imposed.

8. By remanding the case, we do not mean to suggest that we disagree with the reasons the court offered in support of the sentence imposed. *See Commonwealth v. Chesson, supra* 353 Pa.Super. at 257, 509 A.2d at 876. Indeed, a review of the sentencing hearing reveals, *inter alia,* the court's awareness of appellant's prior good character (as attested to by his family and friends), as well as the seriousness of the crime, involving as it did a substantial property loss, and conduct which compromised the integrity of the lottery system. *See* N.T. December 13, 1988 at 51–52.

I also write separately, because the majority does not address the initial issue of whether or not appellant has set forth a substantial question in his petition for permission to appeal from the discretionary aspects of sentence, as required by 42 Pa.C.S. § 9781(b) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). In my opinion, appellant has set forth a substantial question by asserting that the sentencing court failed to evidence any consideration of the sentencing guidelines, and failed to provide any reason for deviating from them.

Finally, I agree with the majority's determination to vacate the judgment of sentence and remand for resentencing where, as here, not only did the sentencing court not identify the applicable guideline ranges or why the sentence deviated from them, but the Commonwealth at sentencing provided the sentencing court with incorrect information concerning the maximum recommendation under the guidelines. The Commonwealth twice stated at sentencing that the applicable maximum minimum sentence in the aggravated range under the guidelines was 36 months. The Sentencing Commission Form included in the original record, reveals that the applicable maximum minimum guideline recommendation was 18 months. In light of the disparate information provided to the sentencing court and the absence of any statement from the sentencing court indicating that he was aware of the correct guideline recommendation, it is appropriate to vacate the judgment of sentence and remand for resentencing.