592 A.2d 91

**COMMONWEALTH of Pennsylvania**

v.

**Charles KAUFFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 21, 1990.

Filed June 5, 1991.

Petition for Allowance of Appeal
Denied Nov. 18, 1991.

230

Kent D. Watkins, St. Clair, for appellant.

Claude A.L. Shields, Dist. Atty., Pottsville, for Com.

Before WIEAND, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

This is an appeal by Charles Kauffman from convictions for first degree murder and receiving stolen property. The murder charge was in connection with the strangulation death of eleven year old Timmy Freed. After the jury rendered its guilty verdicts, a sentencing hearing was held on the first degree murder conviction, on May 20, 1989. The jury was not able to reach agreement on whether to sentence Appellant to life imprisonment or to death for this crime. Therefore, the lower court, in accordance with Rule 354, *et seq.*, Pa.R.Crim.P., 42 Pa.C.S., immediately imposed a life sentence.

Unlike the normal post-verdict procedures, where sentence is imposed following consideration of the defendant's post-verdict motions and the filing of a pre-sentence investi-

gation report, here, post-verdict motions must be filed within ten days after the imposition of sentence. Furthermore, it is not until the post-verdict motions are decided that the sentence becomes final for the purposes of appeal. Rule 359(C) & (F), Pa.R.Crim.P., 42 Pa.C.S.A. Therefore, in accordance with this procedure, on February 8, 1990, the trial court denied Appellant's post-trial motions. However, it was not until July 13, 1990 that the lower court sentenced Appellant on his conviction for receiving stolen property, and on August 10, 1990, Appellant filed the instant appeal challenging both his murder conviction and his conviction for receiving stolen property.

■ Before proceeding to the merits of this appeal, we note that the appeal from the judgment of sentence on first degree murder was not filed within thirty days after dismissal of post-trial motions. As we noted above, under Rule 359, when the court rules on the post-verdict motions in a first degree murder conviction, this triggers the running of the thirty day period for filing an appeal. Nevertheless, we do not find that the issues pertaining to the murder conviction are waived.

In the interests of judicial economy and the avoidance of piecemeal appeals, we hold that in cases where a mandatory sentence is imposed immediately after the verdict is rendered, an appeal from the Rule 359 sentence is not untimely if it is filed within 30 days of the date that sentence is imposed on the remaining counts on which the defendant has been convicted at the same trial. We also hold that it would not be error to file two appeals, one within 30 days of the denial of post-verdict motions following the murder conviction, and one within 30 days of sentence on the final charges. In both instances, all issues properly preserved at trial and raised in post-trial motions would be preserved for appellate review.

In this appeal, Mr. Kauffman raises six issues for our review. They are:

I. Whether the evidence was sufficient to sustain the first degree murder verdict, and whether the verdict was against the weight of the evidence.

II. Whether the trial court erred in failing to suppress evidence seized from Appellant.

III. Whether the trial court erred in admitting photographic evidence of the corpse, and whether it erred in admitting expert evidence as to the time of death.

IV. Whether the trial court erred in limiting cross-examination of a jailhouse informant.

V. Whether a new trial should be granted based on prosecutorial misconduct.

VI. Whether Appellant was ineffectively represented by counsel and an ineffectiveness hearing should be granted because:

1) the ongoing animosity between Appellant and his defense counsel resulted in ineffective representation,

2) trial counsel failed to ask for a severance of the theft charges from the homicide charges,

3) trial counsel failed to call certain alibi witnesses,

4) trial counsel failed to cross-examine certain witnesses concerning charges pending against them.

Concerning the first five issues, we have carefully reviewed the record, the well-reasoned opinions of the lower court, and briefs of the parties. We conclude that the result reached by the trial court on these issues is correct and therefore we affirm. The ineffectiveness of counsel who represented Appellant at trial and during post-trial motions, is raised here at the first opportunity, and we will therefore consider the merits of these claims.

 The standard used for assessing counsel's stewardship is well established. Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with the Appellant. *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984). We inquire first whether the underlying claim is of arguable merit. Then, we ask whether counsel had any reasonable basis for the

questionable act or omission, and if there was such a basis our inquiry ends. If there is no reasonable basis, then Appellant will be granted relief only if counsel's improper course of conduct was prejudicial, resulting in an adverse effect upon the outcome of the proceedings. *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). *Commonwealth v. Pierce*, 515 Pa. 153, 158–60, 527 A.2d 973, 975–976 (1987).

■ Appellant's first claim that because of the ongoing animosity between Appellant and trial counsel, counsel was ineffective, is unsupported by any averment of specific prejudice. Without a factual predicate upon which counsel's assistance may be evaluated, we hold that this claim is too general to entitle Appellant to relief. *See, Commonwealth v. Thomas*, 372 Pa.Super. 349, 364, 539 A.2d 829, 837 (1988). Furthermore, the record shows that despite any animosity that may have existed, counsel was a zealous advocate for Appellant. He frequently objected to evidence he deemed improper, and cogently argued his position to the court. Counsel also called an expert witness for the defense to challenge the Commonwealth's expert testimony concerning the identity of a shoe print found on the victim's back. This general claim of ineffectiveness is unsupported by the record.

■ We also see no ineffectiveness in counsel's failure to ask for a severance of the theft from the homicide charge. Appellant argues that because both crimes were tried together, the jury was able to infer a criminal disposition on the part of the defendant from which it found his guilt of the other crimes. However, Appellant was found not guilty of the theft of the automobile (although he was found guilty of receiving the stolen property), and therefore we may conclude that no such cross-over inference was made by the jury.

■ We do, however, hold that an evidentiary hearing is required in order to determine whether counsel was ineffective for failing to subpoena certain witnesses which Appel-

lant alleges he requested, and for failing to cross-examine two Commonwealth witnesses concerning charges pending against them. "When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the trial court to permit the defendant to develop evidence on the the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing." *Commonwealth v. McBride,* 391 Pa.Super. 113, 570 A.2d 539, 543 (1990), *citing, Commonwealth v. Petras,* 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987). First, we will evaluate the claims concerning each witness *seriatim.*

Appellant claims that he requested trial counsel to subpoena the boy, and/or the person who drove the boy, who delivered a newspaper to Rose Colna's house, and spoke to him about payment for the newspaper. Appellant contends that this testimony would establish that he was present at the house before 6:00 p.m. on August 13, 1988, the time the crime was committed. Appellant further argues that failure to subpoena these witnesses was ineffectiveness.

We agree that if Appellant can establish that counsel had been told of the existence of these witnesses and failed to try to locate them, and if they would testify as alleged, then Appellant's claim of ineffective assistance of counsel is colorable. We have held that Appellant must show (1) the identity of the witnesses, (2) that counsel knew of the existence of the witnesses, (3) the material evidence that the witnesses would have provided, and (4) the manner in which the witnesses would have been helpful to his cause. *Commonwealth v. Polk,* 347 Pa.Super. 265, 271–273, 500 A.2d 825, 828–829 (1985).

It is apparent that if these witnesses testified as Appellant predicted, they would have established an alibi at an important period of time. The pathologist testified that the murder occurred at some time between 5:00 and 7:00 o'clock on August 13, 1988. Moreover, counsel for the Commonwealth stated in his closing argument that Appellant didn't account, "for the time, the only crucial time in this case.

Where was he between 5 o'clock and 6:30?" (N.T. at 831, May 19, 1989). Therefore, an evidentiary hearing is needed to substantiate the claim of ineffectiveness concerning these two alibi witnesses.

Next, Appellant claims that Bobby Tobin should have been called to verify that Appellant was "at the pavilion and Dobie Dam." Because we find that this claim is too general, it does not specify the time in which Appellant was seen at these locations, and because it is not clear how such evidence would have been helpful to Appellant's cause, *Commonwealth v. Blagman*, 350 Pa.Super. 367, 504 A.2d 883 (1986), especially since this same witness had provided damaging evidence in his testimony for the Commonwealth concerning Appellant's presence at other times in another place, we conclude that this claim need not be addressed at the evidentiary hearing.

However, we do believe that the claim of ineffectiveness for failure to call Mr. Thomas Elo and other members of the Cumbola Fire Company, who would allegedly testify that Appellant was not wearing any sneakers at the scene of an accident near the murder scene and just prior to the murder, should be explored at the evidentiary hearing.

■ The last of these witnesses who Appellant claims should have been called were the various inmates whose names were not known to the defendant but who could have been ascertained by examination of the roster at the Chesterfield County, Virginia jail, and were in the transit cell block at the time of another inmate's, Mr. Fore's, conversation with the defendant, in which Appellant made some damaging admissions. He claims that they would have testified that he did not have any conversations or confessions concerning the case. We find no merit to the underlying claim here. We do not believe that these unknown inmates can testify to the non-existence of a conversation that three other inmates either participated in or overheard. It would be impossible for them to testify that this conversation never occurred, unless they were with Appellant every minute of the time he was in the transit cell. This is

highly unlikely. Therefore, we hold that counsel was not ineffective for failing to call these inmate/witnesses.

Finally, we hold that the claim that counsel failed to cross-examine Commonwealth witnesses, Patricia Leskin and Donald Mehlman, as to charges pending against them is of arguable merit, and whether such charges were indeed pending should be explored at the evidentiary hearing. Potential bias and motivation to fabricate are properly subject to cross-examination. *Commonwealth v. French,* 396 Pa.Super. 436, 578 A.2d 1292 (1990). The party against whom a witness is called always has the right to show by cross-examination that the witness is biased or has an interest in the result of the trial. *Commonwealth v. Williams,* 524 Pa. 218, 570 A.2d 75 (1990). If Appellant has been deprived of this essential right by counsel's failure to cross-examine these two witnesses, then there may be merit to his claim of ineffectiveness.

■ However, Appellant's claim that there was a conflict of interest because the public defender's office was also representing Leskin and Mehlman has no merit. We do not see how there could be any harm in asking these witnesses if there were charges pending against them, and thus we can not see how the interests of the Appellant and those of the witnesses, if they were indeed clients of the public defender's office, conflict.

Therefore, we affirm the judgment of sentence and remand solely for an evidentiary hearing on those claims of ineffectiveness which we have indicated are of arguable merit. If on remand the trial court concludes that Appellant's counsel was ineffective, sentence should be vacated and the case should be remanded for a new trial. However, if the court on remand finds no ineffectiveness, Appellant shall have a right to appeal this finding within thirty days of entry of the trial court's order.

CERCONE, J., files a concurring and dissenting opinion.

CERCONE, Judge, concurring and dissenting.

I agree that the judgment of sentence should be affirmed. I disagree with the majority's holding that in cases where a mandatory sentence is imposed immediately after a verdict is rendered, we should find an appeal from that sentence timely if filed within thirty days of the date that sentence is imposed on the remaining counts of which appellant has been convicted. Such a rule will not in the long run serve the interests of judicial economy as it will foster uncertainty and confusion in an area of law that is now well-settled.

In the instant case, appellant was found guilty by a jury on May 19, 1989 of first degree murder and receiving stolen property. The following day, May 20, 1989, appellant was sentenced to life imprisonment after the jury was unable to reach a unanimous verdict on sentencing, as required by 42 Pa.C.S.A. § 9711(c)(1)(v).[1] In accordance with Rule 359 of the Pennsylvania Rules of Criminal Procedure, appellant filed a motion in arrest of judgment and/or for a new trial on May 26, 1989. Rule 359 requires the filing of post-verdict motions within ten days of the imposition of sentence in a case in which a mandatory sentence is provided for by law, upon verdict, and the court immediately imposes such sentence. Pa.R.Crim.P., Rule 359B and C, 42 Pa. C.S.A. Rule 359 further provides that when the post-verdict motion is decided, the judgment of sentence imposed upon verdict becomes final for purposes of appeal. *Id.,* Rule 359F.

On February 8, 1990, the lower court denied appellant's post-verdict motions. The court below did not sentence appellant on the receiving stolen property charge until July 13, 1990. On August 10, 1990, appellant filed a notice of

---

1. Section 9711, relating to the sentencing procedure for murder of the first degree provides for a separate sentencing hearing "in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment." 42 Pa.C.S.A. § 9711(a)(1). The statute further provides that "the court may, in its discretion, discharge the jury if it is of the opinion that further deliberation will not result in a unanimous agreement as to the sentence, in which case the court shall sentence the defendant to life imprisonment." *Id.* § (c)(1)(v).

appeal under Rule 902 of the Pennsylvania Rules of Appellate Procedure, challenging both sentences. Pa.R.A.P., Rule 902, 42 Pa.C.S.A.

The majority in the instant case holds that:

In the interests of judicial economy and the avoidance of piecemeal appeals, we hold that in cases where a mandatory sentence is imposed immediately after the verdict is rendered, an appeal from the Rule 359 sentence is not untimely if it is filed within 30 days of the date that sentence is imposed on the remaining counts on which the defendant has been convicted at the same trial. We also hold that it would not be error to file two appeals, one within 30 days of the denial of post-verdict motions following the murder conviction, and one within 30 days of sentence on the murder charge. In both instances, all issues properly preserved at trial and raised in post-trial motions would be preserved for appellate review.

The majority's holding carves out an exception, without authority, to the well-established requirement of both statute and rule requiring the filing of an appeal from a final order within thirty (30) days of that order. Section 5571(b) of the Judiciary Act provides, "[A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken...." 42 Pa.C.S.A. § 5571(b). Rule 903 of the Rules of Appellate Procedure also provides straightforwardly that "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A. In criminal cases, an appeal generally lies from the judgment of sentence. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Reagan*, 330 Pa.Super. 417, 479 A.2d 621 (1984). In the instant case, the judgment of sentence of life imprisonment became final on February 8, 1990. Pa.R.Crim.P., Rule 359F, *supra*.

With regard to the established time limitations on the taking of appeals, our supreme court has insisted that such limitations be strictly construed; they cannot be extended as a matter of grace. *Commonwealth v. Horner,* 449 Pa. 322, 296 A.2d 760 (1972). *See also Commonwealth v. Hottinger,* 370 Pa.Super. 527, 537 A.2d 1 (1987), *allocatur denied* 520 Pa. 614, 554 A.2d 507 (1988). Indeed, the legislature has itself mandated this requirement. 42 Pa. C.S.A. § 5504(a) (legislative time limitations on actions shall not be extended by court order or rule). The filing period will be extended and an appeal *nunc pro tunc* permitted only in extraordinary circumstances, such as fraud or some breakdown in the processes of the court. *West Penn Power Company v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Commonwealth v. Horner, supra; Commonwealth v. Liptak,* 392 Pa.Super. 468, 573 A.2d 559 (1990). *See also* 42 Pa.C.S.A. § 5504(b) (time limitations prescribed by the legislature may be extended to relieve fraud or its equivalent).

In the instant case, no circumstances which would permit a *nunc pro tunc* appeal have been alleged. The appeal period for appellant's life sentence began on February 8, 1990, the date the trial court ruled on appellant's post-verdict motions. *See* Pa.R.Crim.P., Rule 359F, *supra.* Appellant took no action on this appealable order until August 10, 1990, some six months after the commencement of the thirty-day appeal period. Yet, appellant provided no explanation for the delay.

The majority excuses appellant's unexplained delay by carving out an exception to the thirty-day appeal period which is provided for unequivocally by law. I strongly believe it is error to carve out a judicially created exception to handle this situation. In fact, section 5504(a) of the Judiciary Act, *supra,* specifically prohibits such judicial action.

I also do not share the majority's belief in the practical advantages of such a rule. Criminal Rule 359 speaks thoroughly to the appeal procedure to be followed in cases

involving a mandatory sentence handed down at verdict. It is not an onerous requirement under this rule to insist that criminal defendants and/or counsel analyze a case involving a mandatory sentence at verdict as well as other sentences to ascertain which sentences require an earlier filing of an appeal. Rather than creating an exception to an established and useful rule of appellate procedure, I believe the interests of the judicial system would be better served if we were to follow established law and hold that appellant has waived issues related to his life sentence because of his failure to timely appeal them. The interests to be served by such holding would include uniformity and continued certainty as to what litigants and courts have come to expect in regard to the filing of appeals. The stability which such a ruling would foster is, I believe, preferable to the "savings" to the "judicial economy" which the majority claims will result from its newly created rule.

I agree with the majority that a holding that appellant's appeal of his life sentence was not timely filed would most likely result in additional litigation, because counsel was almost assuredly ineffective for failing to file an appeal of the life sentence within thirty days of February 8, 1990. Nevertheless, I believe we must keep in mind, in deciding whether to save this court from additional litigation, the particular facts of this case. The sentence upon which appellant delayed to act was a life sentence. There is only one sentence under our law which is more grave and serious than this. In addition, the charges against appellant of first degree murder and receiving stolen property were the result of two separate informations consolidated for the purposes of trial. Surely, under these circumstances, counsel must have been at least vaguely aware that something needed to be done to protect appellant's appeal rights after appellant received a life sentence on the murder charge. Counsel needed only to have consulted Rule 359 to have determined the proper method of proceeding. I am concerned that the majority's holding gratuitously excuses counsel's inaction under circumstances which literally cried

out for attention, and in the process creates an unnecessary judicial exception to a well-established and vital rule of appellate procedure.

Accordingly, I would hold that appellant has waived all issues on appeal relative to his untimely appeal of the life sentence which was finalized on February 8, 1990. I would on that basis affirm the judgment of sentence.