594 A.2d 358

**COMMONWEALTH of Pennsylvania**

v.

**Scott A. KEPHART, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 11, 1991.

Filed July 15, 1991.

F. Cortez Bell III, Clearfield, for appellant.

Ray F. Gricar, Dist. Atty., Bellefonte, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and CERCONE, JJ.

CAVANAUGH, Judge:

Appellant was involved in a fatal single vehicle accident in which his auto failed to stop at a "T" intersection. The car struck an embankment and overturned and the decedent was trapped between the roof and steering wheel of the auto. Appellant was charged as the operator of the vehicle with involuntary manslaughter, homicide by vehicle, homicide by vehicle DUI related, DUI, and driving at an unsafe speed.[1] He entered a guilty plea to DUI, driving at an

---

1. Appellant told the investigating officer on the scene that he was driving the car. In addition, appellant was seen driving the car moments before the accident occurred.

unsafe speed and homicide by vehicle (non-DUI related). The remaining charges were withdrawn. After being sentenced to consecutive terms of two and one-half years to five years for homicide by vehicle and six months to twelve months for driving under the influence, appellant sought to withdraw his guilty plea or, in the alternative, to have his sentence reduced. After the court denied his post-sentence motions, he took the instant appeal. Because we find no abuse of discretion, and no manifest injustice as a result of the guilty plea, the court's denial of appellant's motion to withdraw is affirmed. Because we find that the court did not properly consider the sentencing guidelines, the sentence is vacated in part and we remand for resentencing.

Initially, appellant contends that the lower court erred in denying his motion to withdraw his guilty plea. The burden placed on defendant in such a motion increases significantly after sentencing.

> "In order to permit the withdrawal of a guilty plea after sentence has been entered, there must be a showing of prejudice that results in manifest injustice to the defendant. *Commonwealth v. West*, 336 Pa.Super. 180, 485 A.2d 490 (1984); *Commonwealth v. Middleton*, 504 Pa. 352, 473 A.2d 1358 (1984). A defendant who attempts to withdraw a guilty plea after sentencing must carry the substantial burden of showing manifest injustice which is imposed in recognition that a plea withdrawal can be used as a sentence testing device. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982)."

*Commonwealth v. Vance*, 376 Pa.Super. 493, 499, 546 A.2d 632, 635 (1988). A demonstration of manifest injustice requires a showing that the plea was involuntary or was entered without knowledge of the charge. *Commonwealth v. Warren*, 307 Pa.Super. 221, 453 A.2d 5 (1982). When determining whether such a showing has been made, this court must look to the totality of the circumstances attendant on the entry of the plea. *Commonwealth v. Shaffer, supra.*

Appellant asserts that he should be permitted to withdraw his guilty plea in light of new evidence that supports his averment that the decedent was driving at the time of the accident.[2] Appellant asserts that a woman witnessed the car being driven by the decedent just prior to the accident and that the Commonwealth had this evidence and did not turn it over to appellant. Appellant argues that this requires reversal pursuant to *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (The prosecutor has the duty to provide the defendant with any exculpatory evidence in his possession). We disagree. At the sentencing hearing, the witness stated that she saw two males in the car and that one of them was bearded.[3] However, the witness testified that she could not determine whether the bearded male was the driver or the passenger. She further stated that she never told the police investigator that the bearded male was driving. In addition, the police investigator testified that his notes from interviewing the witness contained no reference to any statement regarding the identity of the driver. Based on this testimony, appellant's *Brady* argument fails for two reasons; first, the testimony does not amount to exculpatory evidence and second, the Commonwealth had no reason to believe that the witness's statement was exculpatory. After reviewing the record as a whole, we conclude that a manifest injustice does not result from the denial of appellant's motion to withdraw his guilty plea.

■ Appellant next argues that the Commonwealth misled the court in stating that the alcohol content of appellant's blood was higher than it in fact was. Appellant asserts "the facts of the instant case quite clearly establish that although the serum alcohol level of appellant was a .195, that the whole blood reading was a .161%." There is absolutely no evidence in the record to support his asser-

2. Appellant has no recollection of the time period just before the accident and now asserts that new evidence proves that the decedent was driving.

3. At the time of the accident the decedent was bearded and appellant was not.

tion. Nowhere in the record is there any evidence that the whole blood reading was .161%. Without more, we cannot find that the court was misled. Additionally, *Commonwealth v. Bullock*, 359 Pa.Super. 150, 518 A.2d 824 (1986), relied upon by appellant, undermines his argument. In *Bullock*, the court found that use of the serum alcohol level was a proper test of alcohol by weight in blood, as required by 75 Pa.C.S.A. § 1547. Additionally, we note that in *Bullock* the defendant had presented expert testimony which explained the difference between the serum alcohol level tested and the whole blood alcohol content. There is no such testimony here. Finally, we note that appellant did not object to the alleged misleading statements made by the Commonwealth and therefore, waived this issue.

In issues 2 and 4 of his brief, appellant challenges the discretionary aspects of sentencing. We note that appellant failed to include a concise statement of the matters complained of setting forth a substantial question that the sentencing guidelines have been compromised as required by Pa.R.App.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Such failure precludes our review if the Commonwealth objects. However, in the instant case the Commonwealth failed to file a brief so the defect is effectively waived. *Commonwealth v. Hall*, 382 Pa.Super. 6, 554 A.2d 919 (1989), *Commonwealth v. Billett*, 370 Pa.Super. 125, 535 A.2d 1182 (1988).

Appellant challenges his sentence for homicide by vehicle stating that the court did not sufficiently state its reasons on the record for deviating from the guidelines. We agree. This court has held that where a trial court imposes a sentence which is outside the guidelines, it must, at a minimum, state the permissible ranges of sentences under the guidelines and its specific reasons for deviating from the sentencing range. *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984), *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988) *aff'd*, 522 Pa. 153, 560 A.2d 148 (1989).

Turning to the transcript from the sentencing hearing, the court stated:

It is my duty to state the reasons for my sentence. The sentence imposed should call for the minimum amount of confinement consistent with the protection of the public, gravity of the offense, and the rehabilitative needs of the defendant.

I have read the pre-sentence report and incorporate the same into the record as part of the reasons for my sentences in your case. I have considered statements made by your counsel, circumstances of the offense, your education, character, background, the other circumstances surrounding this, statements not only of your friends and relatives, but also of the victim. I have considered probation and rejected the same because I believe particularly all of the education and media coverage on drinking and driving that you knew or should have known that your actions could have caused serious harm or death to almost anyone on the highways; you were not acting under any strong provocation; the victim was not doing anything to induce or facilitate the commission of this crime; that you have not been able to compensate, nor will you ever be able to compensate, the victim for death and his injuries received in the accident. I have considered probation without verdict and have rejected the same for the above stated reasons. I have chosen total confinement as it is in keeping with the spirit of the law that was passed for driving under the influence homicides, and also because it falls within that mandatory law, although these are two separate actions.

Appellant's counsel argued that the recommended sentence under the guidelines would be zero to twelve months under the standard range, twelve to eighteen months under the aggravated range, and non-confinement under the mitigated range. The Commonwealth argued that although the homicide by vehicle—DUI related—had been withdrawn, that the court could sentence appellant to the same term as

the withdrawn charge required.[4] This the court did. Though the court noted that it had read the pre-sentence report, there is no indication that the court considered the guidelines at all.

The sentencing guidelines require the court to provide a "contemporaneous written statement of the reason or reasons" for deviating from the guidelines. 204 Pa.Code § 303.1(h) (1989). This requirement is satisfied when the sentencing judge states the reasons for his actions on the record and in the defendant's presence. *Commonwealth v. Smith*, 369 Pa.Super. 1, 534 A.2d 836 (1987). Such an explanation was given on the record here.

In a recent case, this court vacated a sentence and remanded for resentencing because the sentencing court "neither advised appellant of the particular guideline ranges, nor stated its reasons for deviating from those guidelines." *Commonwealth v. Rich*, 392 Pa.Super. 380, 386, 572 A.2d 1283, 1286 (1990). In that case this court noted that the rationale underlying the Supreme Court decision in *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), did not apply. In doing so the court stated:

> The "contemporaneous written statement" requirement applicable when a sentence deviates from the guidelines is distinguishable from the general requirement in both Superior Court case law and § 9721(b) that the record contain the reasons for any sentence imposed for a felony or misdemeanor. Thus the rationale underlying our Supreme Court's decision in *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), ... is inapplicable in this case.

*Rich*, 392 Pa.Super. at 384, n. 5, 572 A.2d at 1285 n. 5. In a more recent case, this court stated:

> While we may affirm a sentence that is outside the guidelines provided it is reasonable, it is imperative that the sentencing court determine the correct starting point

---

4. It is always regrettable when the Commonwealth fails to provide us with a brief. It is particularly regrettable in a case such as this where we do not have the benefit of the Commonwealth's explanation for adopting this position on sentencing.

in the guidelines before sentencing outside them. Instantly we find that the lower court did not first correctly determine the appropriate sentence under the guidelines. Accordingly, we need not comment upon whether the reasons given by the trial court support its sentencing decision.

*Commonwealth v. Brown*, 402 Pa.Super. 369, 587 A.2d 6 (1991) (citations omitted). In both cases, a pre-sentence report had been prepared but the court did not refer to the guidelines at sentencing. We found this improper and remanded. In *Brown* we stated:

> If, upon remand, the court finds it appropriate to deviate from the proper sentencing range, it may do so by placing sufficient reasons on the record, subject to later review by this court.

*Id.*, 402 Pa.Superior Ct. at 372, 587 A.2d at 8.

In this case, a pre-sentence report was prepared and considered by the court. However, the court failed to indicate what the recommended sentence under the guidelines would be.[5] Instead, the court imposed a sentence "in keeping with the spirit of the law that was passed for driving under the influence homicides." Though the facts may have supported a conviction for that offense, the Commonwealth had just withdrawn this charge in exchange for the guilty plea to homicide by vehicle (non-DUI related). There is no indication that the court identified the correct starting point under the guidelines for the offense charged. Therefore, as we did in *Brown*, we must do here; we vacate the sentence for homicide by vehicle and remand for resentencing. The sentence is affirmed with respect to all other counts.

**5.** We note in the transcript of the sentencing hearing, appellant's counsel informs the court of an error in the "copy of the sentencing guidelines form from the Probation Department ... [The Department] carried the mandatory sentencing provisions of a DUI homicide by vehicle in [the form]." There is no indication in the record that the suggested corrections in the form had been made. As the court did not recite what the recommended sentence would be under the guidelines, we have no means of ascertaining whether the court used the proper starting point in this case.

For the above reasons, the judgment of sentence is vacated with respect to the homicide by vehicle offense and affirmed for DUI and driving at an unsafe speed; the case is remanded for resentencing on homicide by vehicle.