599 A.2d 654

**COMMONWEALTH of Pennsylvania**

**v.**

**Roberto GARNETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 13, 1991.

Filed Oct. 17, 1991.

Reargument Denied Dec. 27, 1991.

James S. Bruno, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and BECK and HESTER, JJ.

HESTER, Judge:

Roberto Garnett appeals from the December 27, 1990 judgment of sentence of six and one-half to twenty-three months of work release imprisonment followed by a probationary term. The sentence was imposed after the trial court determined that appellant was guilty of possession of a controlled substance, delivery of a controlled substance, and criminal conspiracy. We reverse the sentence and remand for resentencing.

On January 22, 1989, appellant and his co-defendant, Steve Adams, sold ten dollars worth of cocaine to undercover Philadelphia narcotics officer Andrew Byard from a "crack" house in Philadelphia. Appellant was arrested

162

immediately and proceeded to a nonjury trial nearly two years later, on November 13, 1990. On December 27, 1990, the described sentence was imposed. This was a very light sentence, considering the devastating effects caused by the use of "crack" cocaine.

█ Appellant's contention on appeal is that he is entitled to be resentenced because the sentencing court erred in failing to sentence him outside the guidelines. *See* 42 Pa.C.S. § 9781(c)(2). Specifically, he argues that when imposing a sentence of total confinement, the court failed to consider the presentence report recommendation that a probationary term be imposed, that this was appellant's first arrest, and that while awaiting trial for two years, appellant re-established his relationship with his wife and family, overcame his addiction, and started his own business. Appellant also states in his brief that although the sentencing court sentenced him to work release imprisonment, appellant discovered after sentencing that he is not eligible for work release. Moreover if he is incarcerated, he will lose his business and income, which he needs to support his family. He finally notes that the sentencing court also failed to consider the recommendation of the presentence investigator that appellant impressed him as one of the few people who has overcome an addiction to drugs and changed his lifestyle.

█ In light of the allegation that the sentencing court's sentence of work release imprisonment cannot be fulfilled, we conclude that a remand for resentencing is compelled. We first note that the Commonwealth asserts that this appeal is from the discretionary aspects of sentencing and that the issue cannot be reviewed due to appellant's failure to include in his brief a separate statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). The failure to include a separate statement of the reasons for allowance of appeal from the discretionary aspects of sentencing "precludes our review if the

Commonwealth objects." *Commonwealth v. Kephart,* 406 Pa.Super. 321, 594 A.2d 358, 361 (1991).

However, in this case, the appeal is not solely from the discretionary aspects of the sentence but also arises from the fact that the sentence, as imposed, cannot be fulfilled. Thus, while some of the allegations do relate to the discretionary aspects of the sentence, in our view, the most important allegation is that appellant was not accepted into the work release program while the sentencing court specifically ordered appellant to work release imprisonment. As this contention is not that an abuse of discretion occurred but that the sentencing court's discretion cannot be honored, *Tuladziecki's* requirement does not apply.

In the present case, we believe a remand for resentencing is compelled. Both the mental examiner, who stated that appellant would need only a minimum of supervision to keep free of drugs, and the presentence investigator concluded that appellant was rehabilitated and in need of only a probationary term. The sentencing transcript states as follows:

> As stated on page four [of the presentence report], the bottom paragraph, it states [appellant] impresses us as one of those few people despite an addiction to drugs that seems to have made positive changes in his lifestyle. He has a loving and supportive wife and has become involved in his church activities.
>
> It also states he is amenable to seek help in order to give him the added support that he will probably need in order to maintain sobriety. [Appellant] will probably do well on probation.

Notes of Testimony, 12/27/90, at 5.

Most important, it is clear that in an effort to fulfill the presentence recommendations, the sentencing court specifically stated that "work release and parole and probation in this matter is to be under the auspices of the drug and alcohol unit of the probation department." *Id.* at 10; *see also id.* at 11 ("Work release is ordered.").

However, in his brief, appellant alleges that he was not accepted into the work release program. Thus, it appears that the sentencing court's intent cannot be fulfilled. In light of these allegations, the sentencing court must be afforded the opportunity to reconsider its sentence. Although the Commonwealth maintains that appellant may be eligible for work release even though self-employed, appellant contends that he was not approved for work release. This discrepancy can be clarified at resentencing.

Appellant was thirty-one years old when arrested for selling "crack" cocaine. This was his first arrest. During the two years between the arrest and trial, according to the presentence investigator and the medical examiner for the Commonwealth, appellant has done the following: re-established his contact with his wife and her children, overcome his drug addiction, remained drug free, started a business so that he can support his wife and her children by a former marriage, and become a productive member of society. The pre sentence report was considered by the court in formulating the sentence. Appellant alleges that this sentence cannot be fulfilled since he was not approved for the work release program.

Judgment vacated. Case remanded. Jurisdiction relinquished.