617 A.2d 744

COMMONWEALTH of Pennsylvania

v.

**Wilbur Guy MOYER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1992.

Filed Nov. 30, 1992.

Kent D. Watkins, St. Clair, for appellant.

Gary F. Dobias, Dist. Atty., Jim Thorpe, for Com., appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

BECK, Judge:

The issue we decide, inter alia, is whether the trial court had jurisdiction to impose sentences for robbery and burglary while appellant's life sentence under Pa.R.Crim.P. 351 *et seq.* was being appealed. We find the trial court had jurisdiction. However, on an unrelated ground we vacate the sentence and remand for resentencing.

In this case appellant appeals from the judgment of sentence imposed for robbery and burglary. Appellant claims that the sentences are illegal because the trial court lacked jurisdiction. Appellant alternatively claims that the sentences constitute an abuse of the trial court's discretion because they were manifestly excessive and the product of bias and ill-will on the part of the court. Upon careful review of the record,

we find merit to appellant's discretionary challenges and therefore vacate the judgment of sentence.[1]

In February, 1987, appellant and a co-defendant broke into the residence of Josephine Weiner and removed items of personal property. During the course of this crime, Ms. Weiner was bound and gagged, beaten, and stabbed twice. She died. On June 24, 1988, appellant was found guilty of first, second and third degree murder, robbery, and burglary, all arising out of the foregoing transaction.

## I.

In accordance with Pennsylvania's Special Rules For Cases In Which Death Sentence Is Authorized, Pa.R.Crim.P. 351 *et seq.*, the court gave a mandatory life sentence to appellant, on July 1, 1988, after the jury failed to reach a unanimous decision on whether to impose a sentence of life imprisonment or death. Pursuant to Pa.R.Crim.P. 359, appellant filed post-verdict motions which were denied. Accordingly, the judgment of sentence became final for purposes of appeal. Pa. R.Crim.P. 359(F); *Com. v. Kauffman*, 405 Pa.Super. 229, 592 A.2d 91 (1991).[2] Appellant appealed from the life sentence; this Court affirmed, and now a Petition For Allowance of Appeal is pending review in the Supreme Court of Pennsylvania. Meanwhile, on October 29, 1991, approximately four months after imposing the life sentence, the court held a sentencing hearing in connection with appellant's convictions for burglary and robbery. The trial court imposed prison sentences of ten to twenty years for each conviction, to run

1. Disposition of this case does not require us to address appellant's claim of bias and ill-will, thus our conclusion herein does not speak to the merits of those assertions.

2. Pa.R.Crim.P. 359, which governs post-verdict motions in cases for which death sentence is authorized, provides in pertinent part the following:

   C. Post-sentence motions shall be filed within ten (10) days of the imposition of sentence.

   .     .     .     .     .

   E. A post-sentence motion shall be decided promptly.

   F. When the motion is decided, the judgment of sentence shall become a final order for the purpose of appeal.

consecutively to each other and to the previously imposed life sentence.[3] These sentences, and not the life sentence, form the basis for this appeal.

■ The procedural background is necessary to set the stage for the present appeal, which presents an issue of first impression for this court. Appellant contends that the trial court did not have jurisdiction to sentence him on the robbery and burglary because appellant's appeal of the murder conviction and life sentence operated as a stay upon the trial court, precluding any further proceedings. Appellant relies upon Pa.R.A.P. 1701(a) which provides:

> Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other governmental unit may no longer proceed further in the matter.

*Id.*

In *Kauffman, supra,* this Court was confronted with a similar though not identical scenario. In that case, appellant, in one trial, had been convicted of first degree murder and receiving stolen property. In accordance with Rule 351 *et seq.,* appellant was sentenced to life imprisonment by the court after a jury failed to reach a unanimous decision with regard to his sentence. Life sentence was imposed on May 20, 1989. However, appellant failed to file post-verdict motions within ten days, as prescribed by Rule 359. When appellant did file motions, in February 1990, they were denied. In July, 1990, appellant was sentenced on the conviction for receiving stolen property. Subsequently, appellant filed an appeal challenging both convictions. The issue before this court in *Kauffman* was whether or not appellant waived his appeal of the murder conviction, first for failing to bring post-verdict motions within ten days of sentencing, and then for failing to appeal within 30 days of disposition of post-verdict motions. The related issue in the present case was not directly implicated in *Kauffman*

---

**3.** Appellant filed a timely motion to reconsider and the trial court scheduled a hearing on that motion. The hearing date, however, was beyond the thirty days within which appellant could appeal; thus, appellant filed this appeal and the hearing was cancelled.

because at the time of the sentencing hearing for receipt of stolen property no appeal was pending on the murder charge. Nevertheless, by addressing the larger question of how a party should proceed in these cases, this court shed some light on the issue presently at hand:

> In the interests of judicial economy and the avoidance of piecemeal appeals, we hold that in cases where a mandatory sentence is imposed immediately after the verdict is rendered, an appeal from the Rule 359 sentence is not untimely if it is filed within thirty days of the date that sentence is imposed on the remaining counts on which the defendant had been convicted at the same trial. *We also hold that it would not be error to file two appeals, one within thirty days of the denial of post-verdict motions following the murder conviction, and one within thirty days of sentence on the final charges.*

*Id.* at 93 (emphasis added).

█ We are in accord with *Kauffman.* Because of the gravity of the potential sentences authorized or mandated for first degree murder, the legislature devised special rules of procedure to protect the defendant. If these same rules became the basis for finding inadvertent waiver, the purpose of the legislature would be thwarted. We find, additionally, that a defendant's right immediately to appeal a murder conviction should not bar the court from imposing sentences for the remaining counts.

█ In the present case, we hold that the trial court did have jurisdiction to sentence appellant for robbery and burglary because the appeal that was pending related only to appellant's murder conviction.[4] The stay prescribed in Rule

4. It should be noted that one of the issues pending review by the Pa. Supreme Court involves whether or not the trial court erred in refusing to grant appellant's Motion For Change of Venue or Venire due to the publication in local newspapers of numerous articles referring to appellant's prior plea of guilty to second degree felony-murder, and to appellant's withdrawal of that plea. Since this issue concerns the fundamental fairness of the entire proceeding, it is conceivable that the Supreme Court could grant a new trial on all of the charges, not just the murder conviction. In this event, presumably the Supreme Court

1701(a), *supra,* is limited to matters in dispute on appeal. Pa.R.A.P. 1701(c). Pa.R.A.P. 1701(c) provides:

> Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

*Id.*

Before sentencing, appellant could not and did not appeal the robbery and burglary convictions because they were not governed by Pa.R.Crim.P. 359, *supra.* Consequently, these convictions were not matters in dispute on appeal, and thus the trial court was not precluded from proceeding further with the disposition of those matters.

## II

Having disposed of appellant's contention that the challenged sentences were illegally imposed, we now turn to the discretionary aspects of the appeal. First we note that appellant has complied with the requirements of *Com. v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), and Pa.R.A.P. 2119(f), by including a Statement Of The Reasons For Allowance Of Appeal. We find that appellant has raised a substantial question as to whether or not the sentences imposed were appropriate, and therefore we address the merits of his claim.[5] *See Com. v. Rich,* 392 Pa.Super. 380, 572 A.2d 1283 (1990).

In his brief, appellant contends that the trial court abused its discretion by failing to consider the sentencing guidelines.

would utilize its King's Bench powers to vacate any inconsistent orders of the trial court with respect to the burglary and robbery convictions.

5. In his 2119 Statement appellant asserts that the sentence imposed was 147 months in excess of the maximum aggravated range of the sentencing guidelines. Furthermore, appellant alleges that the trial court failed to give proper consideration to, *inter alia,* the sentencing guidelines.

108 ■

While it is clear that a trial court is permitted to impose a sentence that exceeds the guidelines, in so doing "the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the[m]...." 42 Pa.C.S. sec. 9721(b). Furthermore, "[f]ailure to comply shall be grounds for vacating the sentence and resentencing the defendant." *Id. See also Com. v. Rich, supra.* This requirement has been analyzed many times by this Court and the law is clear as to how it must be satisfied. *Com. v. Kephart,* 406 Pa.Super. 321, 594 A.2d 358 (1991); *Com. v. Brown,* 402 Pa.Super. 369, 587 A.2d 6 (1991); *Com. v. Rich, supra; Com. v. Chesson,* 353 Pa.Super. 255, 509 A.2d 875 (1986); *Com. v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984).

In *Royer, supra,* this Court clearly expressed the trial court's obligation under sec. 9721(b):

Where the trial court deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range.

*Id.* at 70–71, 476 A.2d at 458.

In *Rich, supra,* this Court held that it was insufficient for the trial court to have merely stated the factual reasons for the sentence itself, *Rich, supra,* 572 A.2d at 1285; rather, the Court held that the reasons for the deviation must be provided as well.

The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered, the guidelines.

*Id. (quoting Chesson, supra,* at 257, 509 A.2d at 876).

■ Having thoroughly reviewed the notes of testimony from the sentencing hearing, we find that the trial court failed

both to state the sentencing range under the guidelines and to offer reasons for his deviation from that range. Additionally, at the only point in the sentencing hearing when the subject of the guidelines was even mentioned, the court and prosecuting attorney demonstrated a misunderstanding as to how the sentence should be correctly calculated pursuant to the guidelines.

Appellant respectfully submitted to the court his belief that the prior record score for the robbery and burglary sentences should be zero (0) because the robbery and burglary arose out of the same criminal transaction as the murder. The court indicated, however, its belief that the prior record score of one (1) should follow all of the crimes. We find that the Court was incorrect.[6] While the proper calculation of appellant's sentence under the guidelines is not directly at issue in this appeal, we nonetheless note this error as it lends further support for the need to vacate the judgment of sentence. *See Kephart, supra; Brown, supra;* and *Rich, supra.*

In *Rich,* this Court remanded for resentencing because the trial court failed to state the range provided by the guidelines and a reason for deviation from that range. In a concurring opinion, Judge Rowley pointed out that "not only did the sentencing court not identify the applicable guideline ranges or why the sentence deviated from them, but the Commonwealth at sentencing provided the sentencing court with incorrect information concerning the maximum recommendation under the guidelines." *Rich, supra,* 572 A.2d at 1286 (Rowley, J. concurring). He found this to be significant, explaining, "In light of the disparate information provided to the sentencing court and the absence of any statement from the sentencing

6. The Sentencing Guidelines explicitly provide the following:
**Consecutive sentences**
When imposing sentences for convictions arising out of the same transaction, the prior record score is computed for the offense with the highest offense gravity score in such transaction. For the remaining offenses in such transaction, the prior record score shall be zero. 42 Pa.C.S.A. sec. 9721; 204 Pa.Code sec. 303.6(a); *See also Com. v. Phillips,* 374 Pa.Super. 219, 542 A.2d 575 (1988) (application of identical section in the 1982 guidelines); *Com. v. Kozarian,* 388 Pa.Super. 627, 566 A.2d 304 (1989).

court indicating that he was aware of the correct guideline recommendation, it is appropriate to vacate the judgment of sentence and remand for resentencing." *Id.*

In a more recent case, *Kephart, supra,* this court was again confronted with a situation similar to the case at bar. The trial court did not indicate any consideration of the sentencing guidelines and, additionally, there was evidence in the record that the court was unclear as to the proper means of calculating the sentence under the guidelines. In remanding, this Court conceded the trial court's discretion to sentence outside of the guidelines but cautioned that, "it is imperative that the sentencing court determine the correct starting point in the guidelines before sentencing outside them." *Kephart, supra,* 594 A.2d at 362 (*quoting Brown, supra* ). Where, as in the present case, the sentencing court does not recite what the recommended sentence would be under the guidelines, there is no means of ascertaining whether or not the court deviated from the proper starting point. *See Kephart, supra,* 594 A.2d at 362 n. 5.

Because we find that the trial court did not consider the guidelines, failed to state its reasons for deviating from the guidelines, and may have interpreted the guidelines incorrectly, we hereby vacate the judgment of sentence and remand this case for resentencing. Jurisdiction relinquished.