J-S83002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN ROBERT ADAMS :
:
Appellant : No. 1869 WDA 2017

Appeal from the PCRA Order November 22, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006922-2016

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.: **FILED JULY 09, 2019**

John Robert Adams, *pro se*, appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S.A. §§ 9541-9546. Adams contends the PCRA court erred in concluding his claims of ineffective assistance of counsel had no merit without first holding a hearing. We affirm.

Pursuant to a plea agreement, Adams pleaded guilty to one count of Involuntary Deviate Sexual Intercourse ("IDSI"), a second IDSI count under a different subsection, two counts of Aggravated Indecent Assault, and one count each of Sexual Abuse of Children, Endangering the Welfare of Children, Corruption of Minors, and Possession of Child Pornography.[1] After Adams

_____

[1] *See* 18 Pa.C.S.A. §§ 3123(a)(1), 3123(a)(7), 3125(a)(8), 6312(b), 4304(a)(1), 6301(a)(1)(iii), and 6312(d)(1), respectively.

accepted the plea agreement, the trial court sentenced him to five to ten years of incarceration on February 9, 2017. After this sentencing, Adams did not file a post-sentence motion or direct appeal.

On August 7, 2017, Adams filed his first PCRA petition. Thereafter, appointed counsel filed a petition to withdraw and a *Turner*/*Finley*[2] "no merit" letter. Subsequently, the PCRA court dismissed Adams's PCRA petition and granted appointed counsel's petition to withdraw. Adams's timely appeal followed.

Adams asserts three errors on appeal:

1) The PCRA court erred in denying his petition because it did not allow for an evidentiary hearing nor provide a meaningful review of his claim of ineffective assistance of counsel, where Adams avers his counsel failed to protect his post-sentence and direct appeal rights.

2) The PCRA court erred in denying his petition because Adams was illegally sentenced under the wrong statute.

3) The PCRA court erred in denying his petition because said petition included a merited argument regarding Adams' counsel failing to subpoena critical witnesses on the day of trial.

*See* Appellant's Brief, at 4.

Adams's first ineffective assistance of counsel claim can be summarized as follows. Adams claims that he presented letters to both trial counsel and the trial court requesting the status of his requested post-sentence motion

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

and direct appeal. As it is undisputed that counsel did not file post-sentence motions or an appeal, Adams contends counsel violated the provisions of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

Specifically, Adams argues that there was inadequate consultation between Adams and counsel as to whether Adams wanted to appeal. Moreover, Adams believes he presented a material issue of fact to the PCRA court that required a hearing before the court could properly dismiss his petition.

Trial counsel must make "a reasonable effort to discover the defendant's wishes" regarding the defendant's desire to take an appeal. *Flores-Ortega*, 528 U.S. at 478. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* However, "[i]f counsel has not consulted with the defendant, the court must … ask a second … question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* From this, the United States Supreme Court held that trial counsel

> has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appeal.

*Id.*, at 480. There is, however, no bright-line rule that "counsel must always consult with the defendant regarding an appeal." *Id.*

"Where a petitioner can establish that but for counsel's erroneous advice, he would have filed a direct appeal, he is entitled to the reinstatement of his direct appeal rights." *Commonwealth v. Markowitz*, 32 A.3d 706, 717 (Pa. Super. 2011). We have also held that "failing to properly advise a client can be grounds for an ineffectiveness claim." *Id.*

However, "counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on the appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To meet this burden, an appellant must demonstrate:

1) that the underlying claim has merit;
2) counsel had no reasonable strategic basis for his or her action or inaction; and
3) but for the errors of omissions of counsel, there is a reasonable probability that the proceedings would have been different.

*Id.* In its opinion, the PCRA court states that Adams "has produced no evidence that he requested [a post-sentence motion or direct appeal] be filed." PCRA Court Opinion, 7/11/18, at 3. In contrast, Adams did attach to his PCRA petition "a letter from [his] counsel that stated [Adams] did not direct counsel to file a post-sentence motion or direct appeal." *Id.*

Adams affixed to his brief a letter dated July 9, 2017. In the letter, Adams stated that he "would like to know the status of [his] post sentence motion or the direct appeal." Appellant's Brief, Appendix E.

July 9, 2017, is exactly five months after Adams's sentencing occurred. There is no additional evidence of record to establish Adams's desire to appeal any aspect of this case. Nor is there anything to even suggest that Adams desired to file either a timely post-sentence motion or a timely direct appeal.

Conversely, the sentencing transcript leads to only one conclusion: that Adams had been apprised of and was cognitively aware of his post-sentence and appellate rights. *See* N.T., 2/9/17, at 23-24 (indicating that the trial court identified Adams's post-sentencing rights, Adams stated that he had spoken to his attorney about those rights, and that Adams unequivocally remarked that he understood those rights). We have stated that "we will not allow evidence to contradict the terms of the record, where the trial court's strict adherence to the detailed procedures of the plea colloquy ensure[s] that [an] [Appellant] was fully informed of the nature and results of his plea." *Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999).

Adams admitted, during his plea colloquy, to having discussed with his post-sentencing rights with counsel. Further, there is a complete lack of timely indicia that Adams's counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. We therefore cannot conclude the PCRA court erred in finding that counsel was not ineffective.

Even if we assume Adams's counsel had not consulted with Adams, Adams has not established a right to relief under *Flores-Ortega* as he has

not established that he conveyed to counsel that he was interested in a timely appeal. *See* 528 U.S. at 480. Adams's *post hoc* letter, dated some five months after sentencing, suggesting that he was interested in either the filing of a post-sentence motion or an appeal, does not change this result.

Nor has Adams established that a rational defendant in his position would desire to appeal the judgment of sentence. Adams fails to identify any non-frivolous grounds for an appeal. The record belies his claim that he did not understand that the court could run his sentences consecutively. *See* N.T., 2/9/17, at 5, 16 (prosecutor noting "[t]he defendant will serve five to ten years of state incarceration plus probation set by the [c]ourt upon release"), (defense counsel noting "I would submit that [Adams] was here today knowing that he was probably taking five to ten"). As a result, Adams has not exhibited that counsel erred in not filing an appeal in the absence of Adams communicating his desire to do so.

Ancillary to Adams's ineffective assistance of counsel claim is his contention that the PCRA court failed to rule on his motion for extension of time to file a response to the notice of intention to dismiss. *See* Appellant's Brief, at 15. Adams contends that the PCRA court violated Pa.R.Crim.P. 905(a), as it did not rule on Adams's motion for extension of time in order to amend his PCRA petition to be responsive to PCRA counsel's *Turner/Finley* Letter and the PCRA court's notice of intent to dismiss. *See Commonwealth v. Williams*, 828 A.2d 981, 987-88 (Pa. 2003) (identifying that the Rules of

Criminal Procedure "explicitly demand[] action from a judge allowing amendment or withdrawal of a petition"). This claim is not present in his Rule 1925(b) concise statement of matters complained of on appeal nor is it included within the statement of questions involved in his brief. Accordingly, in light of these deficiencies, Adams has waived this issue. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a).

Adams next claims that the PCRA court's denial of his petition was mistaken because he was sentenced under the wrong statute. As such, he believes his correspondingly enhanced sentence under the incorrect statute was illegal. Essentially, Adams asserts that the victim was not under the age of 16 at the time he committed the various offenses. Adams argues that

> when the court incorrectly sentenced [Adams] under 18 Pa.[C.S.A. §] 3123(a)(7) and 18 Pa.[C.S.A. §] 3126(a)(8) they [sic] elevated his punishment, his sentence, as well as his parole and probation requirements. This placed him in a different classification requiring different programs and review for activities, visits, education, probation and parole.

Appellant's Brief, at 19. To bolster his position, Adams singularly cites to *Commonwealth v. Flanagan*, 854 A.2d 489 (Pa. 2004), for the proposition that a guilty plea can be defective if there is an "absence of a contemporaneous record of the factual basis for the plea and [an] erroneous … instruction" as to the sentenced crime. 854 A.2d at 500.

We note that the argument section of Adams's brief covers approximately one and one-half pages of text. In that space, the argument

- 7 -

presented is convoluted, asserting both that the sentence is illegal and that the guilty plea was unknowingly entered.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006).

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing.

*Id*. at 942 (citations omitted). This Court does not take on the mantle of advocate and perform as appellant's counsel. *See Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa. Super. 1993). We therefore parse Adams's argument to the best of our ability; any issue we do not address that Adams believes he has raised are waived due to the defects in his brief.

First, to the extent Adams frames this question as an "illegality of the sentence" issue, we acknowledge it would not be subject to waiver, as argued by the Commonwealth. If there were a proper challenge to the legality of a

sentence before us, Adams's plea would not have operated as waiver to the issue. "The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006).

However, we conclude Adams's argument, properly read, does not constitute a challenge to the legality of his sentence. The universe of what constitutes an illegal sentence is not limitless. We have interpreted "illegal sentences" as "a class of cases that includes: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." *Commonwealth v. Farrow*, 168 A.3d 207, 212 (Pa. Super. 2017).

Adams "maintains that at the time of the alleged offense(s), the victim was sixteen." Appellant's Brief, at 19 (unnumbered). He therefore contends the court "elevated his punishment, his sentence, as well as his parole and probation requirements." *Id*.

He does not argue that sentence imposed was greater than the statutory maximum. Nor is there any plausible reading of his argument that invokes merger or double jeopardy concerns have been invoked. Therefore, the only possible basis to conclude that Adams's sentence is illegal is that the trial court violated the dictates of *Apprendi v. New Jersey.*

The United States Supreme Court in **Apprendi** held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Here, however, Adams pled guilty to the charges at issue. During his guilty plea, Adams stipulated to all of the facts necessary to authorize the sentences imposed:

> THE COURT: Have you reviewed the affidavit of probable cause being the police report and all of the discovery in this case with [your attorney?]
>
> [Adams]: Yes, I have Your Honor.
>
> THE COURT: And would you like a factual summary or would you like to waive that and stipulate that the Commonwealth would be able to place a factual record summary on the record that would support the charges here today?
>
> [Adams]: I would like to waive it and would let the Commonwealth stipulate.

N.T., Guilty Plea Hearing, 2/9/17, at 13.

Furthermore, the only authority Adams cites in support of his argument is **Flanagan**. In **Flanagan**, our Supreme Court did not address an illegal sentence argument. Rather, it addressed an argument that plea counsel was ineffective for allowing Flanagan to enter an unknowing guilty plea. **See id**. at 502-504. We therefore cannot construe Adams's argument as a challenge to the legality of his sentence.

If we construe it as a challenge to the voluntariness of his guilty plea, it is arguably waived. An issue is waived under the PCRA "if the petitioner could

have raised it but failed to do so … on appeal." ***See Commonwealth v. Keaton***, 45 A.3d 1050, 1060 (Pa. 2012). A claim that a guilty plea was entered unknowingly is cognizable on direct appeal. ***See***, ***e.g.***, ***Commonwealth v. Lincoln***, 72 A.3d 606 (Pa. Super. 2013).

On the other hand, this claim would be cognizable if Adams had couched it as a challenge to the effective assistance of plea counsel. ***See***, ***e.g.***, ***Commonwealth v. Fears***, 86 A.3d 795, 806 (Pa. 2014) (finding challenge to voluntariness of guilty plea was previously litigated and not cognizable under the PCRA, while finding same claim couched as ineffective assistance of counsel cognizable). However, Adams's argument does not mention counsel, let alone allege deficient performance.

Under these circumstances, we can only treat Adams's argument as a claim that the lack of an explicit, on-the-record factual basis during the plea colloquy rendered his plea unknowing and involuntary. ***See*** Appellant's Brief, at 20. However, we note that defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002). Here, as quoted above, Adams told the court he had reviewed the affidavit of probable cause with his attorney and that he wished to stipulate that the Commonwealth could provide a factual summary that would support all the charges to which he was pleading guilty. The affidavit of probable cause asserted that Adams started sexually assaulting

- 11 -

the victim when she was 13 years old. As Adams is bound by his stipulation, he cannot now establish that there was an insufficient factual basis for his guilty plea.

In any event, Adams has not identified a "showing of prejudice amounting to manifest injustice" that would allow for the withdrawal of a guilty plea. *Commonwealth v. Jackson*, 569 A.2d 964, 966 (Pa. Super. 1990). The trial court conducted an on-the-record inquiry into the specifics of the crimes for which Adams was charged, and Adams assented to the terms of his plea voluntarily, knowingly, and intelligently. *See Commonwealth v. Kephart*, 594 A.2d 358, 360 (Pa. Super. 1991). The testimony leads to the unequivocal conclusion that Adams "understood the nature of the charges against him," which accordingly establishes the voluntariness of his plea. *Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994) (citation and quotations omitted).

Adams has failed to establish his burden and prove manifest injustice. As such, Adams is due no relief on this issue.

In his final issue, Adams claims that his counsel failed to subpoena critical witnesses on the day of trial, which induced him into accepting a guilty plea moments before trial. Adams maintains that this inducement amounted to coercive pressure, leaving him with no other choice but to accept the terms of a plea agreement. Adams's contention is not included in his PCRA petition and his omission amounts to a waiver of this issue. *See* Pa.R.A.P. 302(a);

*see also Commonwealth v. Lambert*, 797 A.2d 232, 240-41 (Pa. 2001) (finding waiver of claims not raised in appellant's PCRA petition).

Even if this claim were properly preserved, Adams is once again bound by the statements he made at the guilty plea. There, he conceded that no one had "forced, threatened, or coerced" him into pleading guilty. N.T., Guilty Plea, 2/9/17, at 7. Adams further conceded he was satisfied with the services counsel had provided him. *See id*. at 10. Adams would therefore be unable to establish that counsel's failure to subpoena critical witnesses on the day of trial coerced Adams into involuntarily pleading guilty, even if the claim was properly before us.

Accordingly, we affirm the PCRA court's order dismissing Adams's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2019

- 13 -