518 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**James E. BULLOCK, III, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1986.

Filed Dec. 8, 1986.

W. Hamlin Neely, Allentown, for appellant.

William E. Ford, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

This appeal follows judgment of sentence for homicide by vehicle, 75 Pa.Cons.Stat. Sec. 3732; homicide by vehicle while driving under the influence of alcohol, 75 Pa.Cons. Stat. Sec. 3735(a); and driving under the influence of alcohol, 75 Pa.Cons.Stat. Sec. 3731(a)(1) and (a)(4). Following conviction by a jury, appellant filed timely post-trial motions for a new trial and in arrest of judgment. The trial court considered and denied appellant's motions in an opinion authored by the Honorable John E. Backenstoe, President Judge, in which the Honorable David E. Mellenberg joined. The Honorable James Knoll Gardner filed a dissenting opinion. Appellant was sentenced to terms of imprisonment of three-to-seven years on the homicide by vehicle charge, two-to-five years on the homicide by vehicle while driving under the influence charge, and six-to-twenty-four months each on the driving under the influence charges. All sentences were ordered to run concurrently.

At issue on appeal is the driving under the influence conviction under 75 Pa.Cons.Stat. Sec. 3731(a)(4).[1] In closing at trial, defense counsel argued that the jurors should

1. Sec. 3731. Driving under the influence of alcohol or controlled substance
 (a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
 . . . . .
 (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

disregard a blood test result that had not been expressed in terms of percentage of alcohol in the blood *by weight* as contemplated by the statute. As part of its charge, the trial court instructed the jury that the test which was stipulated to by the parties was a blood test done by weight, and that they therefore should ignore defense counsel's argument to the contrary. Appellant contends that the foregoing instruction was prejudicial error. We have carefully reviewed the record and briefs submitted by counsel and find no merit in appellant's contention. Accordingly, we affirm the judgment of sentence.

Appellant's conviction arose out of an automobile accident which occurred on February 5, 1983. On that date, appellant ran a red light and struck another vehicle passing through the intersection with the right of way. The police sergeant who investigated the accident spoke with appellant and detected a strong odor of alcohol about appellant's breath and person. The police transported appellant to the Sacred Heart Hospital where he was advised of his rights. Appellant then made a statement to the effect that he had consumed beer shortly before the incident. At the sergeant's request, the hospital drew a sample of appellant's blood to test it for the percentage weight of alcohol. The blood serum tested revealed a content of 0.135% alcohol.[2]

Turning to the issue raised on appeal, we hold that the trial court correctly concluded that the blood test instruction was proper. First, we agree with the trial court that the test result's compliance with the statute's "by weight" designation was a question of law for the court. Not only was it a matter of construing the "by weight" language, but it also involved a factor going to the admissibility of the test result. *See Commonwealth v. Karch*, 349 Pa.Super. 227, 502 A.2d 1359 (1986) (We determined as a question of admissibility and statutory construction wheth-

---

**2.** The trial testimony of Dr. Isadore Mihalakis, a forensic pathologist, *indicated that a test of appellant's whole blood would have produced a result of 0.116% alcohol.* Dr. Mihalakis reached this figure by converting, using a medically accepted method, the 0.135% result obtained by testing the blood serum. (N.T. 30).

er the "by weight" language in 75 Pa.Cons.Stat. Sec. 1547(a) is satisfied when the blood-alcohol reading is expressed in terms of the weight of alcohol per volume of blood.).

■ Having resolved this question, we find, as did the trial court, that defense counsel waived any objection he had to the legal efficacy of the blood test result. Defense counsel stipulated to the location of the subject test, the procedure employed to draw the blood, the type of test performed (ACA plasma alcohol, which determines alcoholic content of blood serum), the approval of said test by the Pennsylvania Department of Health, the chain of custody, the test result itself (0.135% alcohol in the blood serum), and the fact that the testing site and equipment used were licensed and approved by the Pennsylvania Department of Health. Significantly, appellant's counsel did not include in the stipulation any reservation that, in so stipulating, he was *not* necessarily agreeing that the test result complied with the statute's "by weight" language. In fact, everything to which counsel stipulated indicates that he agreed that the blood-alcohol reading complied with the statute. Appellant even confirmed his position at sidebar, stating to the court his agreement, *inter alia*, that the test taken was "an approved test." (N.T. 67.)[3]

3. After the Commonwealth completed presentation of its evidence pertaining to the blood test, the following occurred at sidebar:

 (Commonwealth) MR. FORD: The only other thing, Your Honor, I would ask the Court—if the Court deems it necessary—to takes judicial notice of the Clinical Laboratory Act, which is 35 P.S. 2151 and also 28 Pa.Code, Section 5.50.

 (Defense Counsel) MR. NEELY: I have no objection to that.

 MR. FORD: It deals with approval of the laboratory and the test.

 MR. NEELY: I am not objecting that this was done in an approved clinical laboratory, and it was an approved test that was taken.

 MR. FORD: All right.

 THE COURT: Does that specifically authorize this test for taking of blood samples for driving while under the influence cases?

 MR. FORD: Yes, that's correct. The Pennsylvania Code does indicate approved. The only reasons I hesitate to bring this to the Court's attention—I believe Mr. Neely is agreeing to this, however.

 Moreover, defense counsel allowed the blood test evidence to go before the jury without timely objection. Specifically, defense counsel permitted the stipulation containing the test result to be admitted into evidence and read to the jury, and allowed testimony regarding the result, each without objecting that the result was not properly expressed as a "by weight" alcohol reading. Having done so, defense counsel waived any argument he had that the test did not comply with the statute. *See* McCormick on Evidence Sec. 52 (2d ed. 1972) ("(A) failure to object to an offer of evidence at the time the offer is made, assigning the grounds, is a waiver upon appeal of any ground of complaint against its admission.").

 Finally, we find that the trial court properly relied on the evidence at trial to determine that the blood-alcohol result complied with the statute's "by weight" language. We adopt the trial court's analysis of this question as follows:

> Second, defense counsel in the previously cited sidebar conference specifically agreed that the subject blood test was done in an "approved" clinical laboratory and that the test taken was "approved" (N.T. at 67). This concession by defense counsel occurred immediately after the assistant district attorney requested the court to take judicial notice of 35 Pa.C.S.A. 2151, commonly known as the Clinical Laboratory Act, (hereinafter referred to as the "Act") and 28 Pa.Code 5.50. The purpose of the Act was to insure that clinical laboratory testing was accurately performed by competently supervised professionals. *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977). Section 5.50 of Title 28 of the Pa.Code and section 5.103, a cross-reference stated therein, both pertain to laboratories and equipment that are approved by the state Health Department to analyze the amount of alco-

MR. NEELY: Under 3731? Maybe it's under 1547, the blood test section. It requires the tests to be done in an approved clinical laboratory. I am agreeing or stipulating that Sacred Heart Hospital has such an approved clinical laboratory and the test was done in such a laboratory.

hol in a person's blood. These sections are clearly meant to satisfy the requirements of 75 Pa.C.S.A. Sec. 1547. Section 1547 of the Motor Vehicle Code addresses the chemical tests to be used to determine the amount of alcohol in a person's blood. The said section applies to criminal proceedings in which the defendant is charged with a violation of section 3731 or any other section of Title 75 arising out of the same action. Section 1547 also mandates that the chemical tests of blood be performed by a clinical laboratory licensed and approved by the Department of Health using procedures and equipment prescribed by said Department and utilizing testing personnel authorized under the Clinical Laboratory Act. Of significance to defendant's instant argument is the fact that section 1547 provides that blood alcohol testing results taken in an "approved" fashion as contemplated by that section, are admissible in criminal proceedings in which the defendant is charged with violating 75 Pa.C. S.A. Sec. 3731 which includes the "by weight" requirement of alcohol in the blood of the person charged. The Commonwealth argues that, if it has proved that the subject blood alcohol test is "approved" within the meaning of section 1547, it has of necessity proved that the test utilized was one which measured the alcohol, by weight, in defendant's blood as required by section 3731. We find the Commonwealth's position to be entirely persuasive. Defense counsel entered into a stipulation with the assistant district attorney which provided that the clinical laboratory that conducted the test was licensed and approved by the Pa. Department of Health to conduct blood alcohol testing. Moreover, at the sidebar conference, defense counsel expanded the scope of the stipulation by specifically stating that he was not objecting that the subject test was done in an "approved" clinical laboratory and that it was an "approved" test that was taken. It seems clear that an approved or authorized blood test under section 1547, which specifically applies to section 3731 must, by necessity, yield a result expressing the percentage amount of alcohol by weight in the person

tested whether the words "by weight" are used or not. It follows that, contrary to defendant's position, evidence was in fact presented pertaining to alcohol by weight in the blood by the Commonwealth and consequently the court's instructions to the jury were without error.

(Trial court opinion at 7–9.)

In agreeing with the foregoing conclusion, we observe that the statute's "by weight" language is ambiguous. This ambiguity is evident from our opinion in *Commonwealth v. Karch, supra,* where we concluded that a reading expressed in terms of "weight of alcohol per volume of blood" complies with the "alcohol by weight" requirement of 75 Pa.Cons.Stat. Sec. 1547(d). In light of such ambiguity and considering defense counsel's stipulation and failure to timely object, we feel justified in giving deference to the licensing and approval procedures of the Pennsylvania Department of Health.

For all of these reasons, we find no error in the trial court's instructions to the jury.

Judgment of sentence affirmed.