J-S38029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                                            :
            v.                                     :
                                            :
                                            :
BRIAN RUSH                               :
                                            :
               Appellant              :       No. 1468 EDA 2022

Appeal from the Judgment of Sentence Entered May 3, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at CP-09-CR-0003077-2021

BEFORE:   KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:             **FILED JANUARY 05, 2023**

Brian Rush (Appellant) appeals from the judgment of sentence imposed

after he pled *nolo contendere*[1] to two counts of criminal conspiracy[2] related to

drug smuggling at the Bucks County Correctional Facility. Appellant claims he

did not knowingly, intelligently, and voluntarily enter his plea. We affirm.

The trial court explained:

> This case arises from Appellant['s] … involvement in a
> conspiracy and criminal organization involving eleven co-
> defendants engaged in smuggling suboxone into the Bucks County
> Correctional Facility between May 26, 2020, through December
> 31, 2020. On December 19, 2021, Appellant was charged with
> the following: Count 1, corrupt organizations — employee, a
> felony of the first degree, 18 Pa.C.S.A. § 911(b)(3); Count 2,

---

[1] "In pleading *nolo contendere*, the defendant does not admit his guilt, but merely consents to being punished as if he were guilty." ***Commonwealth v. Gunter***, 771 A.2d 767, 773 (Pa. 2001).

[2] 18 Pa.C.S.A. § 903.

dealing in unlawful proceeds with the intent to promote the unlawful activity, a felony of the first degree, *id.* § 5111(a)(1); Count 3, conspiracy to deal in unlawful proceeds, a felony of the first degree, *id.* § 903; Count 4, manufacture, delivery or possession with the intent to manufacture or deliver [a controlled substance], an ungraded felony, 35 P[.S.] § 780-113(a)(30); Count 5, conspiracy to manufacture [a controlled substance], delivery, or possession with the intent to manufacture or deliver[], an ungraded felony, 18 Pa.C.S.A. § 903; Count 6, contraband/controlled substance, a felony of the second degree, *id.* § 5123(a); Count 7, conspiracy to [commit] contraband/controlled substance, a felony of the second degree, *id.* § 903; Count 8, criminal use of a communication facility, a felony of the third degree, *id.* § 7512(a); and Count 9, conspiracy to [commit] criminal use of a communication facility, a felony of the third degree. *Id.* § 903.

Appellant … was scheduled for a jury trial to commence on May 2, 2022, along with one of the co-defendants, Tyreak Harrington. Counsel for both [Appellant] and Mr. Harrington engaged in substantial plea negotiations with the District Attorney on the morning of May 2, 2022. N.T., 5/3/2022, p. 3. Furthermore, at the request of counsel …[, the trial] court conducted a colloquy of both defendants on the charges they were facing, the sentencing guidelines pertaining to those charges, along with the potential maximum penalties each defendant was facing, and the offers that had been extended by the Commonwealth respectively. *Id.* at p. 9. However, no agreement was reached on May 2, 2022, and as such the court and all parties proceeded with *voir dire*. On May 2, 2022, nearly 8 hours of *voir dire* was conducted and a jury of 12 primary jurors and 3 alternate jurors was selected. On May 3, 2022, [the trial] court, along with counsel and the jury, were prepared to begin the trial. *Id.* at p. 2. However, at the request of both [Appellant's] counsel and Mr. Harrington's counsel, [the trial] court granted all counsel and the defendants time to engage in additional desired plea negotiations. *Id.* at pp. 2-11. Ultimately, Appellant … through his counsel[,] indicated to [the trial] court that he wished to enter an open *nolo contend*[*e*]*re* plea. *Id.* at pp. 2-12. As indicated more specifically … [T]here had been discussions between counsel that the court would be imposing a sentence of not more than two to four years and that the sentence **might** run concurrent to a sentence [Appellant] was already serving, **or** the sentence **might run consecutive** to the sentence the [Appellant] was already serving.

- 2 -

> [**The trial**] **court then conducted an extensive colloquy of Appellant, both in writing and orally**, … to ensure that [Appellant was] entering [his] plea voluntarily, knowingly, and intelligently. ***Id.*** at pp. 12-50. [The trial court accepted Appellant's plea as knowingly and voluntarily entered. ***See id.*** at 16, 35-38, 45-47.] Following argument by Appellant's counsel and counsel for the Commonwealth regarding sentencing[, the trial] court eventually imposed sentence. ***Id.*** at pp. 51-62. In addition, the court granted the Commonwealth's motion to *nolle pros* Counts 1, 2, 3, 4, 6, 8, and 9. ***Id.*** at p. 69. Th[e trial] court imposed a sentence on Appellant as follows: on Count 7 Appellant was sentenced to a term of incarceration in a state correctional institution of not less than two (2) nor more than four (4) years, running **consecutive** to the sentence Appellant was currently serving, with no further penalty being imposed on Count 5. ***Id.*** at pp. 70-73.

Trial Court Opinion, 7/15/22, at 1-3 (emphasis added; citations modified; some footnotes moved to body, others omitted). The trial court concluded Appellant's sentence "was supported by the Sentencing Guidelines, it was entirely consistent with the plea discussions, and it was a legal sentence in that it was within the permissible maximum sentencing ranges."). ***Id.*** at 3.

**Appellant did not file post-sentence motions or request to withdraw his *nolo contendere* plea**. On June 2, 2022, Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for review:

> Did the trial court err by promising Appellant a specific sentence, thereby inducing the [A]ppellant to plead *nolo contendere* resulting in an involuntary, unknowing and/or unintelligent plea?

Appellant's Brief at 3.

Appellant argues that the trial court improperly induced his plea. ***See id.*** at 11-14. Appellant emphasizes the trial court's statement at the plea

- 3 -

hearing in addressing the negotiations between defense counsel and the prosecutor:

> [THE COURT:] [In Appellant's] case, the idea is that I would be imposing a sentence of 2 to 4 years [in prison,] and the discussions in the conference have been that [the court] would decide whether that sentence is to run concurrent with the sentence [Appellant is] currently serving or consecutive to the sentence [he is] currently serving.

Appellant's Brief at 13 (citing N.T., 5/3/22, at 6).

> Appellant posits:

> Although not deliberate, [the] lengthy plea colloquy resulted in a promise, or the functional equivalent thereof, that Appellant would receive a two-to-four-years **concurrent** sentence. As a result, the plea was not knowingly, voluntarily or intelligently entered.

*Id.* at 14 (emphasis added); *see also id.* at 13 ("The record reflects that the word 'concurrent' in regard to sentencing was used seven times, four times by the [trial court].").

> Pertinently,

> … a plea of *nolo contendere* is treated the same as a guilty plea. ***Commonwealth v. Boatwright***, 590 A.2d 15, 19 (Pa. Super. 1991). Further, [where, as here, an a]ppellant's challenge to the *nolo contendere* plea was made after sentencing, [] the standard for withdrawing a plea is manifest injustice. ***Jackson***, ***supra***. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. ***Commonwealth v. Kephart***, 594 A.2d 358 (Pa. Super. 1991). …

> …

> "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Myers***, 642 A.2d 1103, 1105 (Pa. Super. 1994) (quotation and citations omitted). "Therefore, 'where the record clearly

- 4 -

demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.'" **Id.** (quotations omitted). A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

**Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999) (citations modified). In addition, the entry of a plea of guilty or *nolo contendere* waives all non-jurisdictional defects, other than the legality of sentence and the validity of the plea. **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).

We first address whether Appellant preserved the challenge to his plea. The trial court and the Commonwealth claim Appellant waived the issue because he did not raise it with the trial court. **See** Trial Court Opinion, 7/15/22, at 4 ("Appellant never filed a post-sentence motion seeking to withdraw or otherwise challenge the validity of his plea"); Commonwealth's Brief at 4. We agree. This Court has explained:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, 352 A.2d 140, 141 (Pa. Super. 1975)….

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations modified). Appellant's issue is waived because he never raised it with the trial court. *See id.*; *see also* Pa.R.Crim.P. 720(A)(1) and (B)(1).

In the absence of waiver, we would conclude that the issue lacks merit. The trial court "conducted an extensive colloquy." Trial Court Opinion, 7/15/22, at 6. The court expounded:

> [T]his] court went over the charges that Appellant was pleading *nolo contendere* to, the nature of the **open plea** he was entering into – specifically that pursuant to the negotiations amongst counsel[,] the court would not impose a sentence in excess of two (2) to four (4) years, but that **the decision to run said sentence concurrent or consecutive to the sentence Appellant was already serving was a decision left to the discretion of the court**[,] for which the court would hear argument from counsel. N.T., 5/3/2022, pp. 5-17. Furthermore, this [c]ourt explained to Appellant that if the court deviated from the negotiations and imposed a sentence greater than the agreement of two (2) to four (4), then Appellant would have the right to withdraw his plea. *Id.* at pp. 7-8. However, this [c]ourt also explained that if th[e] court ran that sentence consecutive to the sentence Appellant was already serving, that this would be consistent with the agreement Appellant's counsel and the prosecutor had reached. *Id.* at p. 8 [(trial court confirming Appellant's understanding that if the court elects to sentence Appellant to "2 to 4 and I run them consecutive – I haven't decided -- … that too is consistent with all of our discussions and the plea would go forward.").] This [c]ourt then reiterated to Appellant that based on the sentencing guidelines and the potential maximum sentences, which this [c]ourt went over with Appellant on May 2, 2022, **the offer being extended was significantly lower than the potential penalty Appellant could receive.** *Id.* at pp. 9-10 [(trial court informing Appellant, *inter alia*, "I would remind you … -- despite what you might think, I'm not trying to intimidate or coerce anybody into anything. But I went over with you yesterday in detail the maximum sentence structure that is available … if you are [] convicted…. [A] 2 to 4-year sentence even [running] consecutive is phenomenally advantageous to [Appellant].").] **Appellant also completed the**

**eleven-page written *nolo contendere* plea colloquy** which was admitted into the record as proof that Appellant was entering his plea knowingly and to which Appellant had no objection. *Id.* at pp. 19-20.

Throughout the colloquy, Appellant answered that he understood the charges that he was pleading to, the potential maximum sentence he might receive, that he understood the negotiations that had taken place, and that he understood that he was entering an open plea, which meant that neither his attorney nor the prosecutor could promise him the sentence [the trial] court would impose. *Id.* at pp. 5-8, 9-13, 14-40. In fact, **Appellant specifically responded that he understood that the decision of whether or not to run Appellant's sentence concurrent or consecutive to the sentence Appellant was already serving, was for the court to make and [Appellant's] counsel could not promise him which the Court would impose.** *Id.* at p. 16. Throughout the colloquy Appellant answered that he understood the charges against him, the nature of an open *nolo contendere* plea, the consequences of entering a plea of *nolo contendere* as opposed to the potential benefits and risks of proceeding to a jury trial, and that he still wished to enter a plea of *nolo contendere*. *Id.* at pp. 14-40, 45. Moreover, **the court made clear to Appellant that he did not have to enter this plea**, that he had the absolute right to a jury trial, that the court and counsel had spent the entire day prior selecting a jury, [**and**] **that the jury was now waiting in the jury room ready to proceed with the trial**, to which Appellant responded that he understood. *Id.* at pp. 21-29. This [c]ourt further explained to Appellant that by the nature of a *nolo contendere* plea, the court does not require Appellant to make a factual admission relating to the facts and circumstances surrounding the charges against him. *Id.* at pp. 31-33. The court then asked Appellant if he had had enough time to discuss all of his options with his attorney and whether he was satisfied with her representation, to which Appellant responded he had sufficient time and he was satisfied with her representation. *Id.* at pp. 33-34.

[The trial] court then once again went over the potential maximum sentences and sentencing guidelines for the charges against Appellant, along with reiterating the current negotiations between counsel, that [the trial] court's sentence would not exceed two (2) to four (4) years, and asked Appellant if he still

wanted to go forward with the plea, to which Appellant responded that he did wish to proceed. *Id.* at pp. 35-38. In fact, **Appellant specifically answered that**, based on both the oral and written colloquy, he agreed that **he was entering his plea knowingly, voluntarily, and intelligently**. *Id.* at p. 35. The written colloquy, the colloquy addendum and the State Rules and Regulations of Probation and Parole, were all reviewed, completed and signed by Appellant and then were received and admitted into evidence without objection. *Id.* at pp. 46-47; [Exhibits] D-1, D-2, D-3. Accordingly, this [c]ourt accepted Appellant's plea and found that Appellant had entered this plea knowingly, intelligently, and voluntarily. N.T., 5/3/2022, pp. 45-47.

[T]he probable cause affidavit was incorporated into the record and the District Attorney briefly summarized the factual basis for the open *nolo contend*[*e*]*re* plea, after which [the trial] court explained to Appellant that he did not need to make a factual admission but that these were the facts the court will consider in imposing sentence, to which Appellant responded that he understood. *Id.* at pp. 47-50. The District Attorney then made argument seeking for [the trial] court to impose a consecutive sentence to the one Appellant was already serving, while counsel for Appellant argu[ed] the court should impose a concurrent sentence. *Id.* at pp. 53-62. During Appellant's argument and presentation, Appellant stated to the court that "I own up to my mistakes I make. I like to apologize to everybody. I thank you for your assistance. I thank you, Your Honor." *Id.* at p. 61. This [c]ourt then imposed a sentence on Count 7 of not less than two (2) nor more than (4) years **to run consecutive** to the sentence Appellant was already serving, because as this court explained, **a concurrent sentence would have essentially allowed Appellant to receive the equivalent of no further penalty on this case, because he had already received a penalty, and was serving time for it**, in an entirely different case. *Id.* at pp. 70-71[; *see also Commonwealth v. Swope*, 123 A.3d 333, 341 (Pa. Super. 2015) (defendants are "not entitled to a volume discount for [their] crimes," and separate felony offenses committed against separate victims can appropriately call for consecutive sentences).]

In sum, Appellant knew at all times that a jury was waiting and ready to proceed with trial, he understood everything about the nature of the negotiations, and that the decision before [the trial] court once Appellant entered his plea was regarding running

his sentence consecutive or concurrent to his current term of incarceration, and most importantly, Appellant stated both orally on the record and in the written colloquy that he agreed that he was entering his plea knowingly, intelligently, [and] voluntarily. *Id.* at pp. 5-50.

Trial Court Opinion, 7/15/22, at 6-9 (emphasis added; some citations modified).

In the absence of waiver, the record would support the trial court's detailed analysis, and belie Appellant's claim that the court induced his plea by "promis[ing] … that Appellant would receive a two-to-four-years concurrent sentence."  Appellant's Brief at 14.

Judgment of sentence affirmed.


*Judgment Entered.*

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: _1/5/2023_